## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **Eric J. Kimball** <br> 104 Lakeview Lane <br> South Russell, Ohio 44022 <br><br> *Plaintiff*, <br><br> v. <br><br> **Village of South Russell, Ohio** <br> 5205 Chillicothe Road <br> South Russell, Ohio 44022 <br><br> and <br><br> **Michael Rizzo, individually and in his official capacity as Police Chief of the Village of South Russell** <br> 5205 Chillicothe Road <br> South Russell, Ohio 44022 <br><br> *Defendants*. | Case No.: _____ <br><br><br> Judge: _____ <br><br><br><br> **COMPLAINT** <br><br> **JURY DEMAND ENDORSED HEREON** |

### PRELIMINARY STATEMENT

1. This is a civil action by Eric J. Kimball, a former employee of the Village of South Russell ("Village"), Ohio, setting forth claims against his former employer and the Village's Police Chief for violating his rights to due process under the Fourteenth Amendment to the United States Constitution, seeking a declaratory judgment that the Village and its officials wrongfully terminated his employment by failing to follow the appropriate termination procedure required by Ohio Rev. Code § 737.19, related state law claims, and claims that Defendants further harmed him by undermining his efforts to find new employment.

## JURISDICTION AND VENUE

2. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violation of civil rights under the Fourteenth Amendment to the United States Constitution.

3. The case presents a federal question within this Court's jurisdiction under Article III, § 2 of the United States Constitution and 28 U.S.C. §§ 1331 and 1343.

4. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in this Court under 28 U.S.C. § 1391 as a substantial part of the events and omissions alleged took place in Geauga County, Ohio, and the Defendants reside in this judicial district.

6. Pursuant to 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over Plaintiff's state law claims as they substantially relate to the matters over which the Court has original jurisdiction.

## PARTIES

### A. Plaintiff

7. Plaintiff Eric. J. Kimball ("Kimball" or "Plaintiff"), at all relevant times herein, has been and continues to be a resident of South Russell, Ohio, located in Geauga County.

8. Plaintiff was previously employed as a Police Sergeant by the Village of South Russell.

### B. Defendants

9. Defendant Village of South Russell (the "Village" or "South Russell"), Kimball's former employer, is a political subdivision of the State of Ohio, located in Geauga County.

10. Defendant Michael Rizzo ("Chief Rizzo") is and has been the Chief of Police of South Russell at all times relevant to this case.

11. Chief Rizzo is named as a defendant individually and in his official capacity as Chief of Police of South Russell.

12. At times relevant herein, Chief Rizzo acted under color of law and was a policymaker for South Russell.

13. Chief Rizzo is a "public servant" as defined in Ohio Rev. Code § 2921.01.

## STATEMENT OF FACTS

14. Plaintiff hereby incorporates by reference all preceding paragraphs as if fully restated herein.

15. Kimball, a former Marine who received an Honorable Discharge in 1998, has had a career as a law enforcement officer ever since.

16. On or about June 15, 2015, after previously working for other law enforcement agencies, the Village hired Kimball as a patrol officer for its Police Department

17. In or about March of 2021, the Village promoted Kimball to the rank of Police Sergeant.

18. Kimball was a successful employee for the Village, consistently receiving positive performance evaluations in which he exceeded standards.

19. During his tenure of employment with the Village, Kimball received no documented discipline.

20. In January of 2023, the Village sent Kimball to attend the prestigious Police Executive Leadership College (PELC).

21. Kimball completed the first portion of his PELC training on January 20, 2023.

22. On January 27, 2023, Lieutenant Todd Pocek ("Lieutenant Pocek") summoned Kimball into his office for a meeting.

23. During this meeting, Lieutenant Pocek accused Kimball of falsifying a timesheet from the previous week because the timesheet stated Kimball had worked until 5:00 p.m. on January 20th.

24. Kimball did not falsify his timesheet; rather, he had mistakenly made a clerical error in writing down his ending time for that day.

25. Lieutenant Pocek informed Kimball that Chief Rizzo would be meeting with Kimball at a future (unspecified) date.

26. Lieutenant Pocek then dismissed Kimball from the meeting to work his scheduled overnight shift of 6:00 p.m. to 6:00 a.m. the next morning.

27. After working all night, Kimball left his shift around 6:00 a.m. on January 28, 2023, and returned home.

28. A few hours later, at or about 10:00 a.m., Lieutenant Pocek summoned Kimball to report to Village Hall at 10:30 a.m. to meet with him and Chief Rizzo.

29. Kimball, who had not slept since the end of his shift, arrived at the meeting.

30. During the meeting, Chief Rizzo accused Kimball of criminal conduct.

4

31. Chief Rizzo handed Kimball a resignation letter.

32. The resignation letter provided to Kimball by Chief Rizzo had been prepared in advance of the meeting.

33. Chief Rizzo then threatened Kimball that if he did not immediately sign the resignation letter, Kimball would be subject to criminal prosecution and disciplinary action, up to and including termination of employment.

34. Kimball, with no sleep and based on the threats by Chief Rizzo and related duress of the situation, signed the resignation letter.

35. Because of these circumstances, threats from Chief Rizzo, and being under duress, Kimball's resignation was not voluntary.

36. Instead, the Village and Chief Rizzo constructively discharged Kimball from his employment.

37. By discharging Kimball in this manner, the Village and Chief Rizzo deprived Kimball of due process rights afforded to a Village police officer under Ohio Rev. Code § 737.19.

38. On February 1, 2023, Kimball – once he had had a chance to rest and process the events leading up to his involuntary resignation – sent a letter to Mayor Dr. William Koons ("Mayor Koons"), rescinding his resignation.

39. In this letter, Kimball emphasized that he had signed the letter "under duress," wanted to have a "hearing" to "address the charges against [him]," and "apologized for any confusion [he] may have caused" because he had "never before faced any disciplinary action and this is all new to [him]."

5

40. Mayor Koons responded to Kimball via a letter dated February 3, 2023, rejecting Kimball's request to rescind his involuntary resignation because it "was effective immediately (i.e., on January 28, 2023), and, as a result, it cannot be rescinded."

41. Thereafter, Kimball began looking for another patrol officer position and applied to several jurisdictions.

42. Chief Rizzo, acting as an agent of the Village, interfered with Kimball's application with at least one potential employer, and cast Kimball in a negative light, by failing to disclose to the potential employer requested documents and by otherwise not responding to requests for information necessary for the potential employer to evaluate Kimball's candidacy for a law enforcement position, thereby casting suspicion and misgiving upon Kimball's employment with the Village and his separation from the Village.

43. As a result, Kimball was not offered a position with at least one potential employer.

## CAUSES OF ACTION

### COUNT I
**Denial of Plaintiff's Fourteenth Amendment Due Process Rights by Defendants**
**(42 U.S.C. § 1983)**

44. Plaintiff hereby incorporates by reference all preceding paragraphs as if fully restated herein.

45. Plaintiff, as a village police officer, had a constitutionally protected property interest in continued employment. *See, e.g., Gross v. Village of Minerva Park Village Council*, 997 F. Supp. 2d 813, 819-20 (S.D. Ohio 2014).

46. Village police officers are not employed at will and may only be terminated for "reasonable or just cause." Ohio Rev. Code § 737.19.

47. By threatening Kimball with both criminal prosecution and potential termination of employment unless he immediately signed a pre-prepared resignation letter, Defendants Village and Chief Rizzo constructively discharged Kimball by securing his involuntarily resignation on January 28, 2023.

48. By doing this, Defendants Village and Chief Rizzo unlawfully deprived Kimball of his Constitutionally protected due process rights, because compelling Kimball to involuntarily resign under these circumstances denied Kimball the ability to avail himself of due process rights afforded under Ohio Rev. Code § 737.19, including the right to a hearing with Village Council and a right to appeal an adverse decision to common pleas court.

49. At all times relevant, Chief Rizzo acted pursuant to the official policies, procedures, and/or practices of the Village and has policymaking authority for the Village.

50. Defendants' intentional deprivation of Kimball's due process rights constituted a violation of Kimball's civil rights protected by the Fourteenth Amendment to the United States Constitution.

51. Chief Rizzo's conduct, as described herein, was malicious, intentional, and/or recklessly or callously indifferent to Kimball's Constitutionally protected rights.

52. Defendants' conduct has caused, and will continue to cause, financial, reputational, and other compensable harm to Kimball, for which Defendants are liable.

## COUNT II
### Declaratory Judgment
### (Wrongful Termination under Ohio Rev. Code § 737.19)

53. Plaintiff hereby incorporates by reference all preceding paragraphs as if fully restated herein.

54. Kimball seeks a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

55. An actual justiciable controversy exists as to whether Kimball, who was constructively discharged, was improperly terminated from his employment in contravention of his rights under Ohio Rev. Code § 737.19 ("R.C. 737.19").

56. R.C. 737.19 states that only a village's mayor has the authority to remove a police officer from his employment.

57. Here, Chief Rizzo – the Village's Police Chief and not its mayor – removed Kimball from his employment by constructively discharging him on January 28, 2023.

58. Kimball therefore requests an order declaring that his termination was improper, and that he should therefore be reinstated with back pay, benefits, and any other appropriate relief.

## COUNT III
### Civil Liability for Criminal Acts under Ohio Rev. Code § 2307.60(A)
### (Defendant Chief Rizzo's violation of Ohio Rev. Code § 2921.44(E))

59. Plaintiff hereby incorporates by reference all preceding paragraphs as if fully restated herein.

60. Ohio Rev. Code § 2307.60 allows anyone injured by a criminal act to recover full damages in a civil action.

61. Upon information and belief, Defendant Chief Rizzo knew of and failed to follow, or recklessly disregarded, his legal obligations to afford Kimball with Constitutionally and statutorily

8

guaranteed due process prior to depriving Kimball of his protected property interest in continued employment with the Village.

62. Chief Rizzo's conduct constitutes a violation of Ohio Rev. Code § 2921.44(E), which prohibits a public servant from engaging in a dereliction of his duty, stating that "no public servant shall recklessly fail to perform a duty expressly imposed by law with respect to the public servant's office, or recklessly do any act expressly forbidden by law with respect to the public servant's office."

63. As a direct and proximate result of Defendant Chief Rizzo's criminal conduct, Kimball has suffered economic and non-economic damages, and will continue to suffer economic and non-economic damages, including, but not limited to, mental, emotional, and reputational harm.

64. Chief Rizzo's malicious, intentional, reckless, and/or conscious disregard for Kimball's clearly established rights renders him liable to Kimball for punitive damages.

### COUNT IV
### Civil Liability for Criminal Acts under Ohio Rev. Code § 2307.60(A)
### (Defendant Chief Rizzo's violation of Ohio Rev. Code § 2921.45(A))

65. Plaintiff hereby incorporates by reference all preceding paragraphs as if fully restated herein.

66. Ohio Rev. Code § 2307.60 allows anyone injured by a criminal act to recover full damages in a civil action.

67. Upon information and belief, Defendant Chief Rizzo knew of and failed to follow, or recklessly disregarded, his legal obligations to afford Kimball with Constitutionally and statutorily

guaranteed due process prior to depriving Kimball of his protected property interest in continued employment with the Village.

68. Upon information and belief, Defendant Chief Rizzo knew of and failed to follow, or recklessly disregarded, his legal obligations under R.C. 737.19, under which he expressly had no authority to terminate Kimball's employment.

69. Chief Rizzo's conduct constitutes a violation of Ohio Rev. Code § 2921.45(A), which prohibits a public servant from violating any person's constitutional or statutory rights, stating that "no public servant, under color of the public servant's office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right."

70. As a direct and proximate result of Defendant Chief Rizzo's criminal conduct, Kimball has suffered economic and non-economic damages, and will continue to suffer economic and non-economic damages, including, but not limited to, mental, emotional, and reputational harm.

71. Chief Rizzo's malicious, intentional, reckless, and/or conscious disregard for Kimball's clearly established rights renders him liable to Kimball for punitive damages.

### COUNT V
### Tortious Interference with Prospective Employment Opportunities

72. Plaintiff hereby incorporates by reference all preceding paragraphs as if fully restated herein.

73. After his involuntary resignation from the Village, Kimball began searching for new employment with law enforcement agencies.

74. Upon information and belief, Defendants had knowledge of Kimball's attempts to secure such new employment.

75. Without privilege, Defendants knowingly, willfully, and intentionally interfered with Kimball's prospective employment opportunities, including by responding to reference inquiries in a manner that portrayed Kimball in a negative light.

76. As a proximate consequence, Kimball has lost out on one or more employment opportunities.

77. Due to Defendants' interfering conduct, Kimball has suffered damages.

78. Because Chief Rizzo's conduct was malicious, in bad faith, intentional, reckless, and/or in conscious disregard for Kimball's rights, Kimball is entitled to receive punitive damages.

### COUNT VI
### False Light

79. Plaintiff hereby incorporates by reference all preceding paragraphs as if fully restated herein.

80. Without privilege, Defendants knowingly, willfully, and intentionally portrayed Kimball in a false (and negative) light to prospective employers.

81. Defendants placing Kimball in such a false light would be highly offensive to a reasonable person.

82. As a proximate consequence, Kimball has lost out on one or more employment opportunities.

83. Due to Defendants' conduct, Kimball has suffered damages.

84. Because Chief Rizzo's conduct was malicious, in bad faith, intentional, reckless, and/or in conscious disregard for Kimball's rights, Kimball is entitled to receive punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court:

(a) Enter a declaratory judgment stating that Plaintiff's rights secured by the Fourteenth Amendment to the United States Constitution were violated by Defendants;

(b) Enter a declaratory judgment stating that Plaintiff's rights under Ohio Rev. Code § 737.19 were violated and that he was wrongfully terminated by Defendants;

(c) Award compensatory damages against Defendants;

(d) Award punitive damages against Defendant Chief Rizzo in an amount to be determined by a jury at trial;

(e) Reinstate Plaintiff to his position with the Village, with restoration of all seniority and other rights, and award him all of his lost wages and benefits;

(f) Award Plaintiff his reasonable attorney's fees and costs of this action pursuant to 42 U.S.C. § 1988; and,

(g) Award such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ *Kami D. Brauer*
KAMI D. BRAUER (Ohio #0071030)
STUART G. TORCH (Ohio #0079667)
EMPLOYMENT LAW PARTNERS, LLC
4700 Rockside Road, Suite 530
Independence, Ohio 44131
(216) 382-2500 (Telephone)
(216) 381-0250 (Facsimile)

kami@employmentlawpartners.com
stuart@employmentlawpartners.com

*Attorneys for Plaintiff Eric J. Kimball*

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Eric J. Kimball hereby requests a trial by jury on all issues so triable.

Respectfully submitted,

/s/ *Kami D. Brauer*
KAMI D. BRAUER (Ohio #0071030)

*One of the Attorneys for Plaintiff Eric J. Kimball*